# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY STEVE DAVIS,<br><br>                              Petitioner,<br><br>  vs.<br><br>FRANCISCO J. QUINTANA, Warden,<br><br>                            Respondent. | CASE NO. 10-CV-1419 MMA (AJB)<br><br>**ORDER:**<br><br>**(1) DISMISSING WITHOUT PREJUDICE PETITIONER'S HABEAS PETITION;**<br><br>[Doc. No. 1]<br><br>**(2) DENYING PETITIONER'S MOTION TO TRANSFER**<br><br>[Doc. No. 7] |

     On July 6, 2010, Petitioner Roy Steve Davis ("Davis") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.§ 2241. [Doc. No. 1.] Petitioner did not pay the filing fee or move to proceed *in forma pauperis* under 28 U.S.C. § 1915, and the Court dismissed his case without prejudice. On July 28, 2010, Petitioner paid the filing fee and the Court reopened his case. [Doc. No. 3.] The Court ordered Respondent Francisco J. Quintana, Warden, ("Respondent") to file a written return by September 20, 2010, and permitted Davis an opportunity to file a response by October 25, 2010. [Doc. No. 4.] Respondent filed a written return, and although Davis did not file a response, he filed a motion to transfer the case. [Doc. No. 7.]

///

For the reasons set forth below, the Court **DISMISSES WITHOUT PREJUDICE** Davis's Habeas Petition, and **DENIES** Davis's Motion to Transfer.

## I. DISCUSSION

A.   *Jurisdiction*

Respondent contends Davis's petition should be dismissed because Davis was not housed in a federal correctional institution in this judicial district when he filed the Petition. Thus, Respondent argues, Davis filed the Petition in the wrong judicial district.

"For a court to hear a petition for writ of habeas corpus, it must have jurisdiction over the prisoner or his custodian." *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (internal citation omitted). A petition for writ of habeas corpus must be directed at the person having custody over the prisoner. *Id.* "A custodian 'is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner.'" *Id.* (internal citation omitted).

This Court lacks jurisdiction to hear Davis's petition. At the time Davis filed his petition, he was an inmate at Victorville Federal Correctional Institution, located north of Los Angeles in the Central District of California. [Doc. No. 5-1; Doc. No. 7.] He named as respondent Francisco J. Quintana, the warden for Victorville Federal Correctional Institution. Davis incorrectly filed his petition in the Southern District of California, which does not extend north to include Los Angeles or any area north of Los Angeles. [*See* Doc. No. 1.] As the Court does not have jurisdiction over Davis or Respondent, the Court cannot hear Davis's habeas petition.

B.   *Transfer*

Respondent also contends the Court should not transfer this case to another judicial district. He asserts transferring the matter is improper because Petitioner is now an inmate at Coleman Federal Correctional Institution, located in the Middle Judicial District of Florida. Respondent contends the Florida district courts could not have exercised jurisdiction at the time the action was filed, and thus the Court may not properly transfer his case.

In his motion to transfer, Davis requests the Court to transfer his case to a district court in Florida. He acknowledges he originally filed his petition in the Southern District of California,

1  and that he was transferred to the Coleman Federal Correctional Institution in Florida.  He
2  contends that if this Court no longer has jurisdiction, "transfer[,] rather than dismissal[,] is the
3  appropriate response." [Doc. No. 7, 2.]
4       The transfer of civil actions among federal courts to cure jurisdictional defects is governed
5  by 28 U.S.C. § 1631.  The federal transfer statute instructs, in pertinent part, that where a court
6  "finds there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such
7  action . . . to any other such court in which the action . . . could have been brought at the time it
8  was filed."  Id.  "The federal transfer statute is applicable in habeas proceedings." *Cruz-Aguilera*
9  *v. I.N.S.*, 245 F.3d 1070, 1074 (2001) (internal citations omitted).  "Because the statute's language
10 is mandatory, federal courts should consider transfer without motion by the parties." *Id*. (internal
11 citations omitted).  Transfer is appropriate under § 1631 if three conditions are met: (1) the
12 transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the
13 time the action was filed; and (3) the transfer is in the interest of justice.  *Id.*
14      Davis's case is not proper for transfer under § 1631 because it does not meet all three
15 conditions.  The first condition is met because this Court, the transferring court, lacks jurisdiction
16 to hear Davis's petition.  (*See supra*, p. 2.)  The third condition is met because transferring this
17 case would serve the interests of justice by preventing unnecessary delay caused by requiring
18 Davis to re-file.  *See Cruz-Aguilera*, 245 F.3d at 1074.  The second condition, however, cannot be
19 satisfied.  The Coleman Federal Correctional Institution, the transferee court, could not have
20 exercised jurisdiction at the time the action was filed because the Florida courts did not have
21 jurisdiction over Davis or his custodian Francisco Quintana.  *See Brittingham*, 982 F.2d at 379.  As
22 the three conditions are not met, the Court finds transfer of Davis's case is inappropriate under 28
23 U.S.C. § 1631.
24
25
26
27
28 ///

## II. CONCLUSION

The Court is without jurisdiction to hear this matter, and transfer is not appropriate in this instance. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Davis's Petition for Writ of Habeas Corpus; and **DENIES** Davis's Motion to Transfer.

**IT IS SO ORDERED**.

DATED: January 18, 2011

Hon. Michael M. Anello
United States District Judge